E-FILED
Tuesday, 30 November, 2004  04:58:05 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JAMES A. NICHOLS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 04-3061 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the Government's Motion to Dismiss the Petitioners Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the Motion is ALLOWED in part, and DENIED in part.

Petitioner Nichols pleaded guilty on March 22, 2002, to the crime of distribution of five or more grams of a mixture or substance containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(1). On October 4, 2002, the Court sentenced Nichols to 144 months in prison. Nichols did not appeal. Nichols alleges that he received ineffective assistance of counsel because his lawyer had a conflict of interest. His

lawyer had also represented an individual named Alfred Reeves. Nichols alleges that Reeves provided information against Nichols. Nichols has submitted an affidavit stating that he did not discover that his counsel represented Reeves until sometime between June 2003, and February 2004. Affidavit of James Nichols (d/e 13) ¶ 1.

Nichols also complains that his counsel was ineffective when he did not challenge the Government's failure to abide by its agreement to make a motion for a downward departure under U.S.S.G. § 5K1.1.

Nichols also argues that his Sixth Amendment right to trial by jury was violated because the Court made factual determinations by a preponderance of the evidence that affected his sentence. He claims that those factual issues should have been proven to a jury beyond a reasonable doubt. He relies on Blakely v. Washington, __U.S.__, 124 S.Ct. 2531 (2004).

The Government moves to dismiss on the grounds that the ineffective assistance of counsel claims are barred by the statute of limitations and the Blakely claim cannot be brought until the Supreme Court finds that Blakely applies retroactively to cases on collateral review. The Government is correct that the claim based on the rule announced in Blakely cannot be

brought at this time. The rule in Blakely is not applicable retroactively to cases on collateral review. Morris v. United States, 333 F.Supp.2d 759 (C.D. Ill. 2004). Nichols may seek permission to file a successive petition should the Supreme Court decide that the rule announced in Blakely should be applicable retroactively to matters on collateral review . See Simpson v. United States, 376 F.3d 679, 681-82 (7th Cir. 2004); Hernandez v. United States, 226 F.3d 839, 841 (7th Cir. 2000); Talbott v. Indiana, 226 F.3d 866, 869 (7th Cir. 2000). The Blakely claim is dismissed without prejudice.

Issues of fact exists, however, regarding whether part of the ineffective assistance of counsel claim is barred by the statute of limitations. Section 2255 states that a petition must be filed within one year of the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United State is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims

> presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255 ¶ 6.

Nichols knew at the time of sentencing in 2002 that the Government allegedly breached its agreement with him when it failed to move for a downward departure. He thus knew the facts on which to base this part of his ineffective assistance of counsel claim at that time. He did not file his petition until March 2, 2004. This aspect of his ineffective assistance of counsel claim is barred by the statute of limitations. § 2255 ¶ 6(1).

The claim based on the conflict of interest, however, may not be barred by the statute of limitations. Nichols states that he learned that his lawyer had represented Reeves no earlier than June 2003. He filed his petition on March 2, 2004. He thus filed within a year of the date on which he found facts supporting this aspect of his claim. His petition may be timely if he could not have found those facts earlier through the exercise of due diligence. 28 U.S.C. § 2255 ¶ 6(4). At this point, the Court cannot say that Nichols did not exercise due diligence. The Court, therefore, will not dismiss this aspect of his claim based on the statute of limitations at this time.

THEREFORE the Government's Motion to Dismiss (d/e 8) is ALLOWED in part and DENIED in part. Nichols' claim that his Sixth Amendment right to trial by jury was violated based on the rule announced in <u>Blakely v. Washington</u> is dismissed without prejudice. His claim that his counsel was ineffective when he did not challenge the Government's failure to abide by its agreement to make a motion for a downward departure under U.S.S.G. § 5K1.1 is dismissed with prejudice. The Motion is otherwise denied. Nichols' claim that his counsel was ineffective because his counsel had a conflict of interest is still viable at this time. The Government is directed to file an Answer to this claim pursuant to Rule 5 of the Rules Governing § 2255 Proceedings. The Answer shall be filed by December 30, 2004.

IT IS THEREFORE SO ORDERED.

ENTER:   November 30, 2004.

        FOR THE COURT:

                              s/ Jeanne E. Scott
                              JEANNE E. SCOTT
                              UNITED STATES DISTRICT JUDGE