E-FILED
Thursday, 30 December, 2004  10:11:41 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD, ILLINOIS

| | | |
|---|---|---|
| JAMES A. NICHOLS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.  04-CV-3061 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**GOVERNMENT'S RESPONSE IN ACCORDANCE WITH THE
DISTRICT COURT'S ORDER OF NOVEMBER 30, 2004**

Now comes the Respondent, the United States of America, by and through its attorneys, Jan Paul Miller, United States Attorney, and Patricia A. McInerney, Assistant United States Attorney for the Central District of Illinois, and hereby files its response per the district court's Order issued November 30, 2004, responding to the conflict of interest issue raised by petitioner in his 2255 motion.  For the reasons set forth below, the government asserts that petitioner's conflict of interest claim is without merit and should be dismissed.

**Factual/Procedural History**

1.    Petitioner was initially charged by a criminal complaint on October 17, 2001, with distribution of over 5 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1).  The facts supporting the complaint stemmed from a recorded controlled buy operation between the petitioner and Durrell Alexander that occurred on October 23, 2000, wherein the petitioner sold Alexander 43.6 grams of crack cocaine for $1,750. (R.1,

1

case no. 01-M-3070)   The complaint included information of other drug activity involving the petitioner, among which was the following:[1]

"During an interview of Alfred Reeves on January 9, 2001, and February 23, 2001, Reeves stated that he had sold approximately 1/4 - ½ ounce of cocaine to Nichols on one occasion approximately four years ago."

(R.1, Par.14, case no. 01-M-3070)

2.   The Petitioner was arrested on October 26, 2001.  Adam Giganti was appointed to represent the petitioner.

3.   On November 8, 2001, Petitioner was charged in a one-count Indictment with the distribution of the 43.6 grams of crack cocaine that occurred on October 23, 2000.  (R.9, case no. 01-30116)

4.   On February 8, 2002, Adam Giganti withdrew as attorney for petitioner. (R.12, case no. 01-30116)  R. John Alvarez filed his appearance as retained counsel for petitioner on February 19, 2002. (R. 14, case no. 01-30116)

5.   On March 22, 2002, the petitioner entered his plea of guilty to the distribution charge set forth in the indictment.   The petitioner was sentenced on October 4, 2002, to 144 months imprisonment.[2]  The court adopted the findings of the presentence report which held petitioner accountable for a total of 497 grams of crack

---

[1] Alfred Reeves was charged in case no. 01-30005 with distribution of more than 50 grams of crack cocaine.  John Alvarez was Reeves' retained attorney.  Reeves pled guilty on 3/1/2001 and was sentenced on 7/6/2001 to 144 months imprisonment.

[2] Petitioner, at his sentencing hearing, withdrew any objections he had to the presentence report. (Docket Entry 10/4/2002)

cocaine, 43.4 grams of which petitioner admitted he distributed to Durrell Alexander on October 23, 2000 (indicted charge), and the remaining 453.6 grams were from crack cocaine purchases petitioner said he made during 2001, namely:

Nine ounces (grams) of crack he purchased from Homer Harris over a three month period of time, paying Harris $850 to $900 an ounce for a total of $2,500 (PSR, ¶10, case no. 01-30116);

Two ounces of crack (grams) he purchased from "Booley" for $1,800 (PSR,¶ 11, case no. 01-30116);

One and one-half ounces of crack (grams) he purchased from "J" during May and/or June 2001, for a total of $1,050 (PSR, ¶11, case no. 01-30116);

Three quarters of an ounce of crack (grams) that petitioner said he purchased from "Bozz" for a total of $1,650 (PSR, ¶11, case no. 01-30116);

One ounce of crack (grams) resulting from two purchases petitioner said he made from Taurence Thomas of ½ ounce each purchase (PSR, ¶11, case no. 01-30116); and lastly

A total of three quarters of an ounce of crack (grams) that petitioner admitted he purchased from Michael Ford on at least two occasions. (PSR.¶11, case no. 01-30116)

6.   Judgment was entered on petitioner's sentence on October 4, 2002.  An amended judgment (correcting a typographical error) was entered on December 11, 2002. (R. 23, 25, case no. 01-30116)

7. Petitioner did not appeal his conviction or his sentence.

8. On March 2, 2004, petitioner filed a motion pursuant to 28 U.S.C. § 2255 claiming he was entitled to habeas relief asserting as one of his reasons that he learned between June and February 2003, that his counsel was ineffective because his counsel had a conflict of interest.

**Argument**

9. Specifically, the petitioner argues that his counsel, John Alvarez, had a conflict of interest when he represented the petitioner because John Alvarez also represented Alfred Reeves, who petitioner believes made statements against petitioner during his pending federal prosecution. (R.13, case no 04-3061)

10. "[A] defendant may premise an ineffective assistance of counsel claim on his attorney's conflict of interest." Stoia v. United States, 22 F.3d 766, 770 (7th Cir. 1994).

> A defendant, who has not provided the trial court with notice of his attorney's conflict of interest, may show that he was denied effective assistance of counsel in two different ways. He may proceed under Strickland v. Washington, 466 U.S. 668 (1984), and its progeny, by showing both that (1) his attorney had a potential conflict of interest and (2) the potential conflict prejudiced his defense . . . Or he may proceed under Cuyler v. Sullivan, 446 U.S. 335 (1980), by showing that 'an actual conflict of interest adversely affected his lawyer's performance.' Id. at 348 . Cuyler requires a showing of both 'an actual conflict of interest' and an adverse effect on the lawyer's performance. . . If the defendant can satisfy both prongs of the Cuyler test, then 'prejudice is presumed.'. . . Moreover, legal representation which is adversely affected by actual conflicts of interest is never considered harmless error . . . An actual conflict of interest results if 'the defense attorney was required to make a choice advancing his own interests to the detriment of his client's interests . . . An 'adverse effect' occurs when an attorney's actual conflict of interest causes a lapse in representation contrary to the defendant's interests.

> Prejudice results under Strickland only if there is a reasonable probability that, but for counsel's potential conflict of interest, the defendant would have been found not guilty . . .  An adverse effect occurs, if, but for the attorney's actual conflict of interest, there is a reasonable likelihood that counsel's performance somehow would have been different.

11.     In this case, the petitioner alleges the conflict of interest solely because his attorney, John Alvarez, had represented Alfred Reeves who provided information to law enforcement authorities against petitioner during his federal prosecution. Petitioner does not allege sufficient facts to meet his burden:

Alfred Reeves was not a codefendant in petitioner's case.

Court records indicate that Reeves' prosecution ended on July 6, 2001, when he was sentenced.[3] The petitioner was not charged until October, 2001, thus, John Alvarez was not actively representing both petitioner and Reeves.

Alfred Reeves had no role in petitioner's offense - petitioner was charged with distribution of crack cocaine stemming from a controlled buy involving petitioner and Durrell Alexander.

Alfred Reeves had no role in petitioner's sentence.  Petitioner's sentence was not based on any information provided by Alfred Reeves - all the drug quantity information included in his presentence report, and ultimately his sentence, was admitted to by petitioner and involved individuals (other than Reeves) whom petitioner admitted had sold him drugs during 2001.  The only information Reeves

---

[3]  It should be noted that the court granted Reeves a departure from his guideline range due to substantial assistance, so there was not even a 5K1.1 motion pending after July 6, 2002.

5

provided about the petitioner involved transactions occurring four years prior to 2001. (R.1, Par.14, case no. 01-M-3070). .

The facts in this case simply do not support petitioner's assertion that John Alvarez had a conflict of interest by representing Alfred Reeves, who had no role in petitioner's offense or sentence. There is no information provided to conclude that John Alvarez's representation of Reeves, had any adverse effect on his handling of petitioner's case. Nor are there any facts provided from which a court could conclude that petitioner would have insisted on a trial but for the effect of the conflict of interest on Alvarez's advice. Without such a showing, petitioner fails to meet his burden and his petition should be denied. <u>Cuyler</u>, 446 U.S. 335, 348; <u>United States v. Wallace</u>, 276 F.3d 360, 368 (7th Cir. 2002)

                Respectfully submitted,

                JAN PAUL MILLER
                UNITED STATES ATTORNEY


                 s/ Patricia A. McInerney
                Patricia A. McInerney, Reg. No. 0782440
                U.S. Attorney's Office
                318 South 6th Street
                Springfield, IL  62701
                Telephone: 217/492-4450
                Patricia.Mcinerney@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on December 30, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

          James Nichols
          Inmate No. 12793-026
          FCI - Springfield Medical Center for Federal Prisoners
          P. O. Box 4000
          Springfield, IL   65801


          s/ Patricia A. McInerney