E-FILED
Friday, 25 February, 2005  02:46:33 PM
Clerk, U.S. District Court, ILCD

James Nichols         Motion Rule 52.B ~~also amend~~         2/22/05
V
United States of America

**FILED**
FEB 2 5 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Case No. 3:04-cv-3061

Court erred when sentence defendant to drug amounts not charged in Indicment violating petitioner 6th Amendment Rights.

petitioner pled guilty to distribution of 5 or more grams of Cocaine base (crack) petitioner was charge in the Indicment with 43.6 grams of Cocaine base (crack) at the time of Sentencing petitioner was held accountable for 497 grams of Cocaine base (crack) not charge in the Indicment which resulted in a higher guide line Range than the Indicment cause for.

497 grams of Cocaine base (crack) carries a base offense Level of 34 category III  188-235
petitioner Recieve 3 Level reduction for Acceptance of Resp. that change guideline to offense Level 31 category III 135-168 petitioner was sentence to 144 months 8 yr Supervise Release.

the Indicment charge ~~were~~ of 43.6 grams of Cocaine base (crack) carries a offense Level of 30 Category III 121-151 months with 3 Level for Accepting Resp. the guideline would have change to offense Level 27 Category III  87-108 months

These factors, the total weight of narcotics were found and adopted by the court during the sentencing hearing Resulting in a sentence of 144 months. None of the factors increasing the defendant's punishment from a base offense level of 5 grams of Cocaine base were presented to a Jury or found by a Jury beyond reasonable doubt, but were rather determined by the court using a preponderance of the evidence standard.

These specific factors increasing defendant sentence, more particularly the gross weight of Narcotics collectively Resulted in the foregoing Sentence, were found in derogation of the defendants rights pursuant to the Sixth amendment of the U.S constitution see, Blakely v Washington 02-1631, 2004 WL 1402697, in which the court determined that the requirement pursuant to the Sixth amendment of the U.S. Constitution, applying the Role previously set forth in Apprendi v New Jersey, 530 U.S. 466 (2000) must be based on findings submitted to a Jury and proved beyond a reasonable doubt, and not based upon a Judicial determination using a preponderance of the evidence standard.

In the instant case, virtually the enhancing factors fall without the scope of the Supreme Court decision in blakely.
   That is, they were neither submitted to a Jury or found by a Jury beyond reasonable doubt, but were Rather determined by the court using a preponderance of the evidence standard.

The Sentence in the instant matter was therefore structured by the district court without any of the essential predicate findings made by a Jury beyond a Reasonable doubt and therefore was fashioned in violation of the Sixth amendment

of the U.S. Constitution.

Wherefore, for the foregoing reasons and authorities stated herein, the defendant respectfully prays that this cause be remanded to the United States district court for the Central district of Illinois, for such further action as this Court deems Appropriate in the circumstances.

Respectfully Submitted

*James Nichols*

James Nichols 12793-026
MCFP
P.O. Box 4000
Springfield, MO 65801