IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JAMES A. NICHOLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-3061 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

JEANNE E. SCOTT, U.S. District Judge:

The Petitioner James Nichols has filed a Motion to Vacate, Set Aside or Correct his sentence pursuant to 28 U.S.C. § 2255. Nichols claims that he received ineffective assistance of counsel because his attorney had a conflict of interest.[1] The Court directed the Government to answer this claim pursuant to Rule 5 of the Rules on Motions Attacking Sentence Under § 2255. After reviewing Nichols' Motion, his supplemental filings, the Government's Response, and Nichols' Reply, the Court DENIES Nichols' § 2255 Motion for the reasons set forth below.

---

[1] The Court previously dismissed the other claims raised by Nichols. See Order entered Nov. 30, 2004 (d/e 14).

1

STATEMENT OF FACTS

On January 4, 2001, the grand jury in this District issued a one count indictment, charging that on or about December 6, 1999, an individual named Alfred Reeves knowingly distributed 50 or more grams of a mixture or substance containing cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A). United States v. Reeves, Case No. 01-30005. Attorney R. John Alvarez represented Reeves in that matter. Reeves pleaded guilty to the charge on March 1, 2001, and was sentenced on July 6, 2001. He was sentenced to a term of 144 months imprisonment, followed by 10 years of supervised release, and a $100 special assessment. Reeves did not appeal.

On October 17, 2001, a Criminal Complaint was filed in this District against Petitioner James Nichols alleging that on or about October 23, 2000, Nichols knowingly distributed cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1). United States v. Nichols, Case No. 01-30116, Criminal Complaint (d/e 1), at 1. The affidavit attached to the Criminal Complaint stated that on October 23, 2000, a Government confidential informant, Durrell Alexander, bought 43.4 grams of crack from Nichols. Id. at ¶¶ 4-10. The affidavit also summarized statements made by several other individuals

about Nichols. Paragraph 14 of the affidavit states: "During an interview of Alfred Reeves on January 9, 2001 and February 23, 2001, Reeves stated that he had sold approximately ¼ - ½ ounce of cocaine to NICHOLS on one occasion approximately four years ago." Id. at ¶14. The Clerk is directed to file a copy of the Criminal Complaint, and the attached affidavit, in this case.

On October 17, 2001, the Court issued a warrant for the arrest of Nichols based on the Criminal Complaint. He was arrested and appeared without counsel before the United States Magistrate Judge on October 26, 2001. Nichols was given the opportunity to retain counsel. He retained attorney Adam Giganti. Giganti entered his appearance on October 29, 2001. On November 8, 2001, the grand jury issued a one count indictment against Nichols, charging that on or about October 23, 2000, Nichols knowingly and intentionally distributed five or more grams of a mixture or substance containing cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B).

On February 8, 2002, attorney Giganti filed a Motion to Withdraw as counsel. The Court allowed the motion that same day. Nichols then retained attorney Alvarez to represent him. Alvarez entered his appearance

3

on February 19, 2002. On March 22, 2002, Nichols pleaded guilty to the sole count in the indictment.

The United States Probation Office prepared a Revised Presentence Investigation Report dated September 23, 2002 (PSR). The Clerk is directed to file a copy of the PSR, under seal, in this case. The PSR states that on October 25, 2001, Nichols was advised of his rights and agreed to be interviewed by law-enforcement officers. In that interview, he admitted purchasing 453.6 grams of crack from various individuals in 2001. PSR, ¶¶ 10-12. The PSR stated that Nichols was accountable for: (1) the 453.6 grams of crack that he personally admitted purchasing from others in 2001; and (2) the 43.4 grams of crack that he sold to the confidential informant Alexander on October 23, 2000. Id. at ¶17. On October 4, 2002, the Court adopted the findings set forth in the PSR and sentenced Nichols to 144 months in prison, followed by eight years of supervised release, a $1,000 fine and a $100 special assessment. Nichols did not appeal.

Nichols filed his § 2255 Motion on March 2, 2004. He claimed that he received ineffective assistance of counsel because Alvarez had a conflict of interest since he had previously represented Reeves in Case No. 01-30005, and Reeves had told law enforcement officials that he had once sold

4

cocaine to Nichols four years earlier. The Court directed the Government to respond to Nichols' conflict of interest claim.[2] The Government filed its Response on December 30, 2004. Nichols was given leave to file a reply. He did so on February 24, 2005.

## ANALYSIS

Nichols may establish that his counsel was ineffective due to a conflict of interest in one of two ways. First, he may show that: (1) his counsel had a potential conflict of interest, and (2) the potential conflict prejudiced Nichols' defense. Stoia v. United States, 22 F.3d 766, 770 (7th Cir. 1994). To show prejudice, Nichols must show that there is a reasonable probability that, but for his counsel's potential conflict of interest, he would have been

---

[2] Nichols also claimed that Alvarez was ineffective because he did not make the Government live up to its promise to file a motion for a downward departure at his sentencing. Nichols then supplemented his Motion to assert a denial of his right to jury trial based on Blakely v. Washington, __ U.S.__, 124 S.Ct. 2531 (2004). Motion to Recall Mandate (d/e 9). The Court dismissed the Blakely claim because this issue cannot be raised on collateral review at this time. Order entered November 30, 2004 (d/e 14), at 3. The Court also dismissed the claim based on the failure to secure a downward departure motion as being barred by the statute of limitations. Id. at 4. Nichols' Reply for the first time asserts a violation of his Miranda rights and the claim that his sentence violated the principals announced in Booker v. United States, __U.S.__, 125 S.Ct. 738 (2005). Reply (d/e 22), at 1. The Miranda claim is barred by the statute of limitations because Nichols knew the factual basis for any such claim at the time that he was sentenced. See Order entered November 30, 2004, at 4 (discussing the application of the statute of limitations to Nichols' claim based on the failure to secure a downward departure motion). The Booker claim is dismissed because a claim based on Booker also cannot be raised on collateral review at this time. McReynolds v. United States, __F.3d__, 2005 WL 237642, at *2 (7th Cir. 2005).

found not guilty. Id., citing Strickland v. Washington, 466 U.S. 668 (1984). In the alternative, Nichols may show that: (1) his attorney had an actual conflict of interest, and (2) the conflict adversely affected his attorney's performance. Cuyler v. Sullivan, 446 U.S. 335 (1980); Stoia, 22 F.3d at 770. In such a situation, prejudice is presumed. A counsel's performance is adversely affected if there is some reasonable likelihood that the counsel's performance would have been different had there been no conflict of interest. Id. To receive an evidentiary hearing on his § 2255 Motion, Nichols must present a detailed and specific affidavit which shows that he has actual proof of his allegations. Prewitt v. United States, 83 F.3d 812, 819 (7th Cir. 1996).

Nichols has shown that a potential conflict of interest existed when Alvarez represented him in February 2002. Alvarez had previously represented Reeves, and Reeves had told law enforcement officials that he once sold cocaine to Nichols years earlier. At the time Alvarez became Nichols' lawyer, it was possible that Reeves could have testified, either at any trial or at sentencing, about this transaction. If that occurred, Alvarez would then have had an actual conflict of interest because he would have had to cross-examine his former client. Hall v. United States, 371 F.3d 969,

6

973 (7th Cir. 2004). The remote possibility that Reeves might testify created the potential for a conflict of interest.

Nothing indicates, however, that Nichols suffered any actual prejudice because of this potential conflict. Nichols pleaded guilty to the charge in the indictment that he distributed 5 or more grams of a mixture or substance containing crack on or about October 23, 2000. Reeves' statement that he sold cocaine to Nichols years earlier had nothing to do with this crime. Even if Nichols went to trial, there is no basis to believe that Nichols would have been found not guilty, but for this potential conflict. Nichols, therefore, must present evidence that an actual conflict of interest existed, and the conflict adversely affected attorney Alvarez's performance. Stoia, 22 F.3d at 770.

Nichols can show that an actual conflict of interest existed if: (1) Alvarez's representation of Reeves was, "substantially and particularly related," to his later representation of Nichols, or (2) Alvarez, "actually learned particular confidential information during the prior representation [of Reeves] that was relevant to," Nichols' later case. Enoch v. Gramley, 70 F.3d 1490, 1496 (7th Cir. 1995), quoting Smith v. White, 815 F.2d 1401, 1405 (11th Cir. 1987). Nichols has presented nothing to indicate that either

7

of these circumstances existed in this case.

Alvarez's successive representations of these two men were not related. Reeves was charged with distributing crack in December 1999, and Nichols was charged with distributing crack in October 2000. Neither indictment alleges any relationship between these two crimes. Alvarez stopped representing Reeves in July 2001, and did not begin representing Nichols until more than six months later, in February 2002. The two representations were not, "substantially and particularly" related. Id.

Furthermore, nothing before the Court indicates that Alvarez learned any confidential information from Reeves that was relevant to Nichols' case. Reeves made one statement to law enforcement officials, not to Alvarez, that he once sold cocaine to Nichols years before Nichols committed the offense of conviction in October 2000. The statement: (1) was not confidential since Reeves told law enforcement officials; (2) it was not related to the charge on which Nichols was indicted; and (3) it was not related to the factual basis on which Nichols' sentence was calculated. The relevant conduct for which Nichols was held accountable in the PSR was all based on Nichols' own admissions about crack that he purchased in 2001 from various individuals. Reeves' statement about one transaction that

8

occurred years earlier had no bearing on the calculation of Nichols' sentence. This case is not like the situation in <u>United States v. Hall</u>, where the attorney learned through the prior representation that his former client had information directly relevant to prove the conspiracy of which his current client was charged. <u>Hall</u>, 371 F.3d at 973.³ Nichols has presented nothing to indicate that Reeves told Alvarez anything about Nichols that was relevant to Nichols' case.⁴

Nichols has failed to present any evidence that Alvarez had an actual conflict of interest. He has, thus, failed to make the necessary showing to receive an evidentiary hearing on his conflict of interest claim. <u>Prewitt</u>, 83 F.3d at 819. Nichols is not entitled to any relief under § 2255.

THEREFORE, the Motion to Vacate, Set Aside, or Correct Sentence (d/e 1) is DENIED. All pending motions are denied as moot. This case is

---

³ The former client in <u>Hall</u> had information that the current client's co-defendant was involved in selling marijuana. The current client and the co-defendant were charged with conspiracy to sell marijuana. <u>Hall</u>, 371 F.3d at 971-73.

⁴Nichols states in his <u>Reply</u> for the first time that Alvarez, "sent Mr. Reeves a letter leting (sic) Mr. Reeves know that Petitioner wasn't going to trial so ' forget about it.'" <u>Reply</u>, at 1. Nichols does not provide an affidavit or any other evidence regarding any such letter. He also does not identify when any such letter was written or provide any information to show that the letter indicates that Reeves provided Alvarez with any confidential information about Nichols. This allusion to a letter is insufficient to entitle Nichols to an evidentiary hearing. <u>Prewitt</u>, 83 F.3d at 819.

closed. The Clerk is directed to file a copy of the Criminal Complaint and the attached affidavit, and the Revised Presentence Investigation Report in <u>United States v. Nichols</u>, Case No. 01-30116, in this case. The copy of the Revised Presentence Investigation Report is to be filed under seal.

IT IS THEREFORE SO ORDERED.

ENTER: February 28, 2005.

    FOR THE COURT:

                                          s/ Jeanne E. Scott
                                          JEANNE E. SCOTT
                                          UNITED STATES DISTRICT JUDGE